IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darnell East Hudson, #227328, *a/k/a* *Darnelle Hudson, a/k/a Darnell Hudson,*    )<br>    )<br>Petitioner,    )<br>    )<br>vs.    )<br>    )<br>Warden Robinson,    )<br>    )<br>Respondent.    )<br>_____)   | Case No.: 4:22-cv-2554-JD-TER<br><br><br><br>**ORDER AND OPINION** |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) of the District of South Carolina.[1]  (DE 10.)  Petitioner Darnell East Hudson, #227328, a/k/a Darnelle Hudson, a/k/a Darnell Hudson ("Petitioner" or "Hudson"), proceeding *pro se* and *in forma pauperis* filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 action against respondent Warden Robinson ("Respondent" or "Robinson").  (DE 1.)  Petitioner claims that his "October 26, 1995 armed robbery conviction [] was imposed. . .in violation of his right to counsel" and, therefore, resulted in an improper enhancement for his subsequent August 9, 2001, conviction for armed robbery.

The Report was issued on September 23, 2022, recommending the Petition be dismissed with prejudice and without requiring the Respondent to file a return because the Petition is untimely under the one-year provision of the Antiterrorism and Effective Death Penalty Act, 28

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

U.S.C. § 2244(d).  (DE 13, pp. 7-8.)  Petitioner has not filed an objection to the Report.  In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).  The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 13) and incorporates it herein.

It is, therefore, **ORDERED** that Petitioner's case is summarily dismissed with prejudice and without requiring the Respondent to file a return.  Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
January 5, 2023

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.